# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

      **Plaintiff,**

v.                                                                                       **Case No: 6:24-cr-25-RBD-DCI**

**JAMES WARREN FINNISTER**

      **Defendant.**

___

## ORDER

On January 10, 2024, the Defendant appeared in this district following his arrest on a criminal complaint for interfering with a flight crew in violation of 49 U.S.C. §46504. Docs. 1; 3. The Court found that the Defendant was indigent and appointed the Office of the Federal Defender to represent him. Doc. 6. At the initial appearance, the government did not seek pretrial detention, and the Court released the Defendant on conditions. Docs. 3; 9. Due to the allegations of the charged offense (which involved the Defendant being intoxicated), the Defendant's criminal history (which, though sparse, included a conviction for "attempted using weapons while intoxicated), and the Defendant's admitted alcohol and marijuana use, the Court set conditions that prohibited alcohol and drug use. Doc. 9. The Defendant lives in Michigan, and the Court released him to return home to Michigan for pretrial supervision there. *Id*. The Defendant made it back home to Michigan without apparent incident.

On February 7, 2024, pretrial services filed a petition and memorandum for action, requesting that the Court issue a notice for the Defendant to appear in Court and show cause why his pretrial release should not be revoked. Doc. 22. In the petition, pretrial services alleged that

the Defendant appeared in the pretrial services office in Michigan on February 6, 2024, and tested positive for alcohol and marijuana. *Id*. Based on that, the Court set a show cause hearing for February 21, 2024, and issued a summons to the Defendant. Doc. 27.

Before the hearing, the Defendant filed a motion to appear telephonically, asserting that he could not afford travel, and the Court denied that Motion. Docs. 28; 29. The Defendant failed to appear at the hearing, and the Court issued a bench warrant. Docs. 30; 31. The Defendant appeared in Michigan on the warrant, and the Court there released him on conditions. Doc. 32. The Court in Michigan also ordered the United States Marshals Service (USMS) to pay noncustodial expenses for the Defendant to travel to Florida for the pretrial petition hearing. *Id*.

Thereafter, the Court set a hearing for the Defendant to appear on the pretrial petition for March 7, 2024. Doc. 33. The Defendant again failed to appear at that hearing. Doc. 35. However, defense counsel appeared and explained that the USMS stated that the hearing was set too soon for them to coordinate expenses. So, the Court did not issue a warrant. Instead, the Court again set a hearing—now the third one—for March 26, 2024. Doc. 36.

Now before the Court is a motion by the Defendant for the Court to order the USMS to pay noncustodial expenses for the Defendant to appear in Florida for the hearing, including subsistence expenses while in Florida and travel and subsistence back to Michigan. Doc. 37 (the Motion). In the Motion, the Defendant relies solely upon 18 U.S.C. § 4285. However, as a judge in this district has explained:

> Under 18 U.S.C. § 4285, if a court orders a defendant released on the condition that she appear before the court, the court may, in the interest of justice and after appropriate financial inquiry, direct the United States Marshal "to arrange for that person's means of noncustodial transportation to the place where his appearance is required" and provide subsistence expenses not to exceed the per diem allowance for travel authorized by 5 U.S.C. § 5702(a). By its plain language, section 4285 allows payment only for one-way travel. *United States v. Centeno*, No. 09CR3120–L, 2009 WL 3334144, at *1 (S.D.Cal.2009) (unpublished) (citing cases).

2

*United States v. Winton*, 2014 WL 3721238, at *7 (M.D. Fla. July 28, 2014).  Here, the Defendant requests not just one-way travel and subsistence to Florida for the hearing, but also travel and subsistence for the Defendant's return to Michigan.  The Defendant provides no legal support for his request for the costs for the return leg of his trip, and such costs are not permitted by § 4285.  Accordingly, the Motion must be denied in part.

That said, a significant time has passed since the initial violation petition.  During that time, the Defendant has appeared before another United States Magistrate Judge and been released on conditions.  It appears that the Defendant has not continued to violate the terms of his release, though the Court is unaware of whether or how often the Defendant has since tested for drugs and alcohol, as well as whether the Defendant is engaged in treatment.  Accordingly, the parties and pretrial services are directed to confer on the petition and whether the parties should seek its dismissal.  Further, if additional time is needed to coordinate travel with the USMS, defense counsel is directed to file a motion to continue, not simply appear at the hearing without the presence of the Defendant.  But, as of now, the petition is pending, the hearing is set, and the USMS is directed to pay one-way expenses pursuant to § 4285.

Accordingly, it is **ORDERED** that the Motion (Doc. 37) is **granted in part** as follows and **denied in all other respects**:

Pursuant to 18 U.S.C. § 4285, the Court orders the USMS to furnish the Defendant with the cost of travel from his residence in Michigan to the United States Courthouse in Orlando, Florida, so that the Defendant may attend court in Orlando on March 26, 20024, at 11:00 a.m. and at any other hearing set in this case.  Additionally, the USMS shall provide the Defendant with subsistence expenses for this travel period not to exceed the amount authorized as per diem allowance for travel under 5 U.S.C. § 5702(a).

**ORDERED** in Orlando, Florida on March 15, 2024.

>                           DANIEL C. IRICK
>                           UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant